## Theal v. Confer

*William R. Mosolina*, for plaintiff.
*Peter J. O'Donnell* and *Richard L. Kearns*, for defendants.

QUIGLEY, *P.J.*, September 20, 1978—Henry J. Theal filed a complaint in trespass alleging that at about 1:12 a.m. on June 29, 1976, he was operating

a tractor-trailer in a northerly direction on Routes 11 and 15 in the Perdix area of Penn Township, Perry County, Pa. At about the time aforesaid, defendant Confer, an employe of J. K. Rishel Furniture Co. and Lycoming Furniture, Inc., in a rig being operated for Rishel and Lycoming, crossed the center lane and struck plaintiff's vehicle ad on, causing both vehicles to immediately catch fire. Within seconds, defendant's vehicle was struck in the rear by defendant Jesse W. Stauffer who was operating a vehicle of Mushroom Transportation Co., Inc. Plaintiff alleges various reasons why he believes some or all of defendants should respond in damages for plaintiff's personal injuries and property damages.

Plaintiff alleges that primarily due to the fire which consumed the vehicle he lost numerous items of personal property ranging in description from $359 worth of musical tapes to a $.50 wash cloth. He further indicates a $16.25 ambulance charge to transport him to the Polyclinic Hospital in Harrisburg.

In paragraph 23 of his complaint, plaintiff alleges that he has incurred medical expenses in the amount of $212.69 to April of 1978, " . . . and will in the future incur additional expenses in an effort to secure relief from pain, suffering and injuries." In paragraph 24 it is alleged that plaintiff suffered and continues to suffer pain and numbness in his left arm, swelling and power loss in his left hand and "considerable discomfort" from his left shoulder to his left hand.

In paragraph 25 of the complaint, plaintiff alleges that he has been unable to engage in his occupation as a truck driver between June 29, 1976, and January 25, 1977, and accordingly lost wages in the

amount of $11,250. He further alleges in paragraph 26 that, although he has resumed employment as a truck driver, he is unable to continue his long hauls and must presently engage in short hauls and since February 15, 1977, the date of resumption of driving a truck, has been losing approximately $250 per week when his present wage is compared to the wage he received while engaged as a long haul truck driver.

In paragraph 27, plaintiff alleges a traumatic emotional injury causing nigthmares and further in paragraph 28 indicates that he suffers "from a permanent partial disability to his left shoulder, arm, and hand, loss of power, pain and numbness in his left arm and hand for which he is still seeking cure and alleviation, and which condition has reduced his capacity to earn wages at his prior earning capacity, all resulting from the accident injuries and aggravation of pre-existing conditions resulting from the accident."

All defendants, with the exception of named defendant, Jesse W. Stauffer, have filed preliminary objections in the nature of a petition raising the question of subject matter jurisdiction, in the nature of a demurrer and in the form of a motion to strike off complaint. There is also a motion for a more specific complaint which is argued alternatively.

The preliminary objections bring into question the sufficiency of plaintiff's complaint under the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, art. I, sec. 101 et seq., 40 P.S. §1009.101 et seq. The provisions of the aforesaid act which we deem involved in our determination are set forth hereinafter and will be referred to in our disposition of these

matters. [The court at this place quoted in full sections 202 and 301 of the act, as well as the definition of "allowable expense" from section 103.]

All preliminary objections, with the exception of a motion for a more specific pleading, address the same issues and we will consider them as a unit.

May plaintiff sue in tort to recover medical expenses once a tort threshold under section 301(a)(5) has been reached?

Even though the court in O'Sullivan v. Ruszecki, 2 D. & C. 3d 276 (1977), held: "The better view would seem to hold that once an exception has been met [under section 301(a)(5)] tort liability comes into existence and plaintiff is entitled to pursue his former common-law remedy in full, including the payment of medical expenses," our reading of the act, particularly with reference to section 301 leads us to believe that unless either section 301(a)(1), (2), (3), (4) or (6) is applicable (none appear to apply here and none is alleged to apply) the fact that an exception permitting a tort action under 301(a)(5) exists does not give a plaintiff the ability to sue in tort for economic detriment. We believe that assuming a plaintiff is able to pass any of the qualifying facts set forth in section 301(a)(5)(A) through (D) this opens the door for plaintiff to sue for noneconomic detriment[1] as defined in the act and constituting basically "general damages" in a traditional personal injury action. Medical expenses, in

---

1. " 'Noneconomic detriment' means pain, suffering, inconvenience, physical impairment, and other nonpecuniary damage recoverable under the tort law applicable to injury arising out of the maintenance or use of a motor vehicle. The term does not include punitive or exemplary damages." 40 P.S. §1009.103.

virtually unlimited amounts, are recoverable exclusively from the victim's own no-fault carrier: section 202(a); section 103, Allowable expense; Bromiley v. Collins, 1 D. & C. 3d 94 (1977).

From a review of the complaint in this matter, it is clear that plaintiff has alleged no basis to entitle him to recover medical expenses from a tort-feasor, although, as will be seen, he might be able to sue for noneconomic detriment under section 301(a)(5). Accordingly, we hold that plaintiff cannot sue in tort for his medical expenses and defendants' preliminary objections on this point will be sustained.

May plaintiff maintain a tort action with respect to lost earnings and impairment of earning capacity?

Section 301(a)(4) provides that a person will continue to be liable for losses not compensated because of any limitation in section 202, subsection (b) being possibly relevant to our consideration. It is clear to this court that if actual lost earnings exceed $15,000, plaintiff may maintain an action in tort to recover the amount in excess of said sum. Also, and we so hold that impairment of earning capacity may also be considered together with actual lost earnings in determining whether or not the sum of $15,000 has been exceeded. See section 103 "work loss" and section 205.

Keeping in mind the stated priniciples, we turn to a consideration of plaintiff's complaint in light of defendants' preliminary objections. Plaintiff has alleged in paragraph 25 of his complaint that he lost wages in the amount of $11,250 from the date of the accident, June 29, 1976, to January 25, 1977, during which time he was unable to work because of his injuries. Additionally, in paragraph 26 he alleges that as a result of his injuries he had to accept employment at substantially reduced wages when

he returned to work in February of 1977. While plaintiff does specify what he earned per week before the accident and what he earns now, we feel that in order for proper consideration and determination of whether a claim for lost earnings and impairment of earning capacity remains viable in this matter, plaintiff should specifically plead how much he has lost as a result of the alleged reduced earning capacity. We believe such a computation was possible by the date of the filing of the original complaint and should certainly be available presently. We further believe that plaintiff should be more specific in showing how the figure of $11,250 was arrived at. We will give plaintiff an opportunity to plead over with respect to his lost earnings claim and will, accordingly, sustain the preliminary objection for a more specific pleading but dismiss all other preliminary objections with reference to this point.

May plaintiff maintain a tort action for noneconomic detriment on the basis of the facts pleaded in his complaint?

It is clear that in order to maintain a tort action for recovery for noneconomic detriment, at least one of the thresholds set forth in section 301(a)(5)(A) through (D) must be sufficiently pleaded.

Reviewing the complaint we readily conclude that subsection (D) is not involved in the case and, accordingly, turn our consideration to subsections (A) through (C).

We will hold plaintiff's complaint insufficient to meet any of the remaining thresholds available to him on the basis of the present pleading. We recognize and acknowledge the lack of precedent in this area and we will permit plaintiff to file an amended complaint in order to attempt to properly allege facts sufficient to permit him to cross any of the

thresholds which will confer jurisdiction upon this court to entertain his tort action. By way of example, we note that plaintiff does not allege a "serious" injury but rather a "permanent partial disability." We believe that if the injury complained of is indeed serious, plaintiff should be required to at least state that conclusion and further state why he believes the injury is in fact serious: subsection (A).

On the face of the pleading, subsection (B), dealing with medical expenses is clearly not met and not even alleged. Paragraph 23 of the complaint alleges a figure of $212.69 and further states that plaintiff will incur future expenses. We believe that a minimum pleading requirement would be to allege that plaintiff believes the expenses will exceed the figure of $750 and that this belief is reasonable and based on sound reasons. For example, if a physician has advised plaintiff that it will be necessary for plaintiff to continue certain treatments at certain expenses, we believe such a fact should be alleged.

We believe that the threshold set forth in subsection (C) has likewise not been met on the face of the present complaint because there is no allegation that plaintiff's inability to work was caused by a medically determinable impairment, nor is there an allegation that the inability to work lasted for 60 consecutive days. Again, at least this conclusion should be pleaded but in addition thereto the facts in substantiation thereof should also appear. We will sustain defendants' preliminary objection for a more specific pleading and dismiss all other preliminary objections relative to this point.

Plaintiff, by way of brief in opposition to defendants' preliminary objections, raised additional questions not covered by this opinion. Those questions deal with the applicability of the act to plain-

tiff's particular situation and the questions of the constitutionality of the act as it may infringe on the right to travel. We seriously question whether these points are properly before the court at this point. In view of our action with respect to the preliminary objections, which gave plaintiff the opportunity to plead over, we will not address the mentioned issues in any manner and will permit plaintiff to raise said issues in the future if he so desires.

### ORDER

And now, September 20, 1978, the preliminary objections of defendants to the extent that they challenge the right of plaintiff to sue in tort for medical expenses are sustained and the preliminary objection for a more specific pleading with respect to this issue is deemed moot. Further, defendants' preliminary objections in the nature of a motion for a more specific pleading as to the issues of maintaining a tort action with respect to lost earnings and impairment of earning capacity and also with respect to maintaining a tort action for noneconomic detriment are sustained and all other preliminary objections dismissed.

Plaintiff shall be given a period of 20 days from this date within which to file an amended complaint.